UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT MODRALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:15-CV-155-HSM-HBG |
| ) | |
| HON. SUSAN K. LEE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court for consideration of Plaintiff's Application To Proceed *In Forma Pauperis*, which was filed in the above case on June 9, 2015. For the reasons more fully stated below, the Court finds that the Plaintiff should be allowed to file his Complaint without prepayment of costs, but the Court **RECOMMENDS** that the Complaint be **DISMISSED**. Further, the undersigned **RECOMMENDS** that the District Judge bar new filings by this Plaintiff.

**I.    FILINGS AND ALLEGATIONS**

The Plaintiff has filed an application to proceed *in forma pauperis*, which imparts the minimal information required regarding financial condition. The application demonstrates that the Plaintiff has little income and few assets.

In his Complaint, filed May 21, 2015, Plaintiff alleges that United States Magistrate Judge Susan K. Lee, along with persons named in other lawsuits filed by this Plaintiff, has violated a number of federal civil and criminal laws and, therefore, should be impeached. Plaintiff seeks "$ 1 billion, a Presidential Medal of Freedom with Distinction, and a Nobel Peace Prize." [Doc. 1].

## II. ANALYSIS

### A. <u>Jurisdiction</u>

Federal courts are courts of limited jurisdiction. Congress has conferred upon this Court, and other federal courts, the jurisdiction to hear only two types of civil cases: those arising under the United States Constitution and the laws and treaties of the United States, <u>see</u> 28 U.S.C. § 1331, and those cases in which the amount in controversy exceeds $75,000.00 and the parties are diverse, <u>see</u> 28 U.S.C. § 1332.

The Plaintiff has cited to several alleged claims arising out of the Constitution, laws, or treaties of the United States. He has asserted an amount in controversy in excess of the jurisdictional minimum. For purposes of this Report and Recommendation, the Court will assume that the Court has jurisdiction, despite the fact that the jurisdictional allegations presented by Plaintiff are lacking.

### B. <u>Indigency and Failure to State a Claim</u>

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. <u>Adkins v. W.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 342 (1948); <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989). To accomplish this end, a court must evaluate the litigant's indigence, but notwithstanding indigence, a court may *sua sponte* dismiss a matter under 28 U.S.C. § 1915 if the litigation is frivolous and malicious or fails to state a claim upon which relief can be granted.

The Court will address the indigence and merits components of 28 U.S.C. § 1915 in turn.

*1.     Indigence*

Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. Denton v. Hernandez, 504 U.S. 25 (1992). The court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. See Gibson v. R.G. Smith Co., 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. § 1915(a). However, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. Adkins, 335 U.S. at 342. An affidavit to proceed *in forma pauperis* is sufficient if it states that the petitioner cannot because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. Id. at 339.

In the present case, Plaintiff's economic status has been considered in making the decision of whether to grant leave to proceed *in forma pauperis*, and it appears that Plaintiff's Application To Proceed *In Forma Pauperis* sets forth grounds for so proceeding. The Application To Proceed *In Forma Pauperis* is, therefore, **GRANTED**.

The Clerk is **DIRECTED** to file the Complaint in this case without prepayment of costs or fees. See Gibson, 915 F.2d at 262-63. **The Clerk SHALL NOT issue process, however, at this time.**

3

*2.    Merits*

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or malicious or to dismiss a complaint if it fails to state a claim upon which relief can be granted.  See Neitzke, 490 U.S. 319.[1]

A.    *Failure to State a Claim Upon Which Relief Can Be Granted*

The undersigned finds that the Plaintiff has failed to state a claim upon which relief can be granted.  Although the Court has construed the pleadings liberally, the Court finds that there is no allegation of any factual basis upon which any cause of action may be commenced. The Court finds that Plaintiff's pleading does not comply with Rule 8 of the Federal Rules of Civil Procedure.  The Court further finds that the Plaintiff has failed to state a claim under Rule 12 of the Federal Rules of Civil Procedure, given the absence of factual allegations.  Therefore, the undersigned finds Plaintiff has not presented a cognizable claim in his Complaint.

Based upon the foregoing, the undersigned finds that Complaint fails to state a claim upon which relief can be granted and should be dismissed on that basis.

B.    *The Frivolous and Malicious Nature of the Suit*

The Court reincorporates the findings above, and the Court finds that the Plaintiff's suit is both frivolous and malicious.  In evaluating another of Plaintiff's suits, Magistrate Judge C. Clifford Shirley, Jr., explained, "Plaintiff has also demonstrated wantonness in his pleadings that supports a finding that the instant litigation is malicious and frivolous."  See Modrall v. Guyton, Case No. 3:15-CV-251.  The same is true in the instant case, and the Court finds that the Complaint is frivolous and motivated by maliciousness.  The Court finds that the Complaint

---

[1] Plaintiff herein is not a prisoner. However, 28 U.S.C. § 1915, despite its references to prisoners, is not limited to prisoner suits.  United States v. Floyd, 105 F.3d 274 (6th Cir. 1997) and Powell v. Hoover, 956 F. Supp. 564 (M.D. Pa.) (1997).

4

Case 1:15-cv-00155-HSM-HBG   Document 6   Filed 06/30/15   Page 4 of 5   PageID #: 23

should be dismissed on that basis as well for its failure to state a claim, and further, that the District Judge bar this Plaintiff from making any additional filings in this Court. In support of this recommendation, the District Judge is cited to Case Nos. 1:14-CV-130; 1:14-CV-527; 1:14-CV-327; and 3:15-CV-251.

### III. CONCLUSION

In sum, the Court finds the Plaintiff's Application To Proceed *In Forma Pauperis* to be well-taken, and the Clerk is **DIRECTED** to file the Complaint in this case without prepayment of costs or fees. No process shall issue, however, until the District Judge has ruled upon this Report and Recommendation,[2] because it is **RECOMMENDED**[3] that the Complaint be **DISMISSED**. Further, based upon the egregious substantive deficiencies in the Complaint, the undersigned **RECOMMENDS** that any Order adopting this Report and Recommendation, include a certification that any appeal of this decision would not be taken in good faith, see Fed. R. App. P. 24(a)(3), and finally, the undersigned **RECOMMENDS** that this Plaintiff be barred from making any additional filings in this Court.

Respectfully submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[2] This matter is to be presented to a District Judge pursuant to this Report and Recommendation under the authority of Gibson v. R.G. Smith Co., 195 F.2d at 263, wherein the court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).